RECEIVED
USDC CLERK, CHARLESTON, SC

2005 NOV -9  A 9: 35

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Margaret Kinnally, | C. A. No. 9:04-2065-23AJ |
| Plaintiff, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| Marriott International, Inc., | |
| Defendant. | |

This claim of employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et. seq. ("ADEA")[1], is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56 filed on June 30, 2005. 28 U.S.C. § 636(b).

The plaintiff, Margaret Kinnally, sued the defendant, Marriott International, Inc. (MI), on June 28, 2004, and brought a cause of action alleging violation of the ADEA in MI's failure to hire her for the position of Director of Event Management (DOEM) in its new resort facility in the Federation of St. Christopher and Nevis, West Indies (St. Kitts). Kinnally was employed by Marriott Ownership Resorts, Inc., d/b/a/ Marriott

---

[1] At oral argument before the undersigned on August 10, 2005, plaintiff's counsel conceded plaintiff's causes of action for breach of contract and breach of contract accompanied by a fraudulent act.

Vacation Club International (MVCI), at the time she applied for the job.

MI argued it is entitled to judgment as a matter of law for the following reasons:

> 1. The plaintiff sued the wrong defendant. Kinnally did not work for Marriott International, Inc., but rather for, Marriott Ownership Resorts, Inc., d/b/a/ Marriott Vacation Club International (MVCI) and the job for which she applied was not with Marriott International, Inc., but some other entity, referred to by the defendant as "another Marriott affiliated company".
>
> 2. The plaintiff has no direct evidence of age discrimination and cannot establish the second prong of the prima facie case, that she was qualified, and the fourth prima facie case prongs, after her rejection, the position remained open and the employer continued to seek applicants from persons of her qualifications.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 56(c), a district court must enter judgment against a party who, "after adequate time for discovery ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). Where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law," entry of summary judgment is mandated. Fed. R. Civ. P. 56(c).

To avoid summary judgment on a defendant's motion, a plaintiff must produce evidence creating a genuine issue of material fact. Issues of fact are in genuine dispute where the evidence "may be reasonably resolved in favor of either party." Id. at 250. In this regard, the trial ". . . judge must ask himself not whether the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." Id. at 252. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

However, "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).

## IDENTITY OF THE DEFENDANT

As a threshold matter, it is undisputed that Kinnally's employer was MVCI, the trade name for a corporation which is in the business of selling time shares. (Toti depo. pg. 66). The EEOC charge alleging age discrimination in hiring which Kinnally

brought is against only the defendant, MI, not her employer MVCI. Defendant MI, through its employee, John Toti, (Toti statement pgs. 16-18) made the complained of nonselection decision. Therefore, Kinnally's claim in the instant action is an ADEA claim for failure to hire against the only named defendant, MI. (See, Pl.'s response fn. 1)(Plaintiff has alleged no misconduct on the part of the managers of MVCI).

## FACTS

In the case at bar, the facts taken in a light most favorable to the plaintiff as the nonmoving party with all reasonable inferences drawn in favor of the plaintiff, to the extent supported by the record, are as follow.

Kinnally began working for MVCI in 1992. At the time she stopped working for MVCI she held the title of Sales Executive. Kinnally never worked for MI.

MI maintains an internet web site, moreweb.marriott.com, also known as MCMS, which is an internal posting site listing open positions within the various MI entities for employees of the various Marriott entities to review. If an employee of a Marriott entity applied and was selected for a job posted on MCMS, MI or the hiring Marriott entity paid for that employee's relocation expenses.

Here, the DOEM position, considered to be a position in senior management, was posted to MCMS on May 31, 2002, with work

4

anticipated to start in July 2002. On June 4, 2002, Kinnally filled out a Transfer Request Form and MCVI Human Resources posted her request to the MCMS system. Toti called Kinnally on June 20, 2002, and interviewed her for the position. He told her that he needed someone with her skill set, "a jack of all trades". He asked if she would be available to start work in short order and she assured Toti that she could start work immediately. In short, a fact finder could conclude that Toti considered her qualified for the DOEM job. (Kinnally depo. pgs. 42-43).

It is undisputed that in July 2002 Toti decided to move his Director of Sales from where he had been working in Miami, Florida, to the resort in St. Kitts where he could cover the DOEM duties for the time being with the help of an Events Manager, a lower level position, and a position not considered part of senior management. Toti believed it was in the business' best interest to withdraw the DOEM position because of low sales forecasts and the resulting need to cut anticipated costs.[2] (Toti aff. para. 4).

---

[2] Plaintiff deposed Toti but did not inquire about Toti's hiring decision. Additionally, Kinnally deposed that she had no information to dispute the defendant's position that no DOEM was hired until May 2003, three months after the hotel opened and eight months after she was told she had not been selected. (Kinnally depo. pg. 137).

5

Toti also deposed that the decision not to hire Kinnally was not based upon any corporate or personal commitment to consider favorably local Kittian applicants, was not based upon any perception that Kinnally was not eligible to apply for the transfer to the DOEM position via Marriott's MCRM internet system, and was not based upon any concern that it would be difficult or impossible to obtain work permits from the local government for Kinnally. (Toti depo. 75, 89-90). Rather he withdrew the posting because he decided to organize the staff and the staff's responsibilities so that he did not need a DOEM until after the hotel opened and sales increased. Toti's affidavit reads:

> 1. My name is John Toti. I am the General Manager for the St. Kitts Marriott.
>
> 2. I made the decision not to fill the Director of Event Management position in July 2002.
>
> 3. I instructed my new Director of Human Resources to inform both Ms. Kinnally and a candidate from the New Orleans Marriott, Ms. Connie Bryan, that they had not been selected.
>
> 4. I made this decision based on the decision to have the Director of Sales on property rather than in Miami, the need to reduce wage cost wherever possible due to the low sales forecasts, and the desire to offer employment to local candidates to the greatest extent feasible.
>
> 5. If I had not made the decision not to fill the DOEM position, I would have selected Ms. Bryan for the job, as she was the most qualified candidate.
>
> 6. Based on her lack of full-service hotel experience, lack of event management experience,

6

> lack of Caribbean work experience, in my opinion, Ms. Kinnally was not qualified for the position of DOEM.
>
> 7. I never met Plaintiff and never had any documents that stated her age. I never knew or considered Ms. Kinnally's age in making any employment decision.

(Affidavit of John Toti, pgs. 1-2).

Toti told his new Director of Human Resources, Kathy Kaesmacher, also an employee of the defendant, to call Kinnally and inform her that she was not selected for the DOEM position on July 26, 2002. Kinnally deposed that Kaesmacher told her that she would not be offered the DOEM position, but that she was highly qualified for the DOEM position. No one had been selected for the DOEM position at that time, and no one was selected until May 2003. (Pl. depo. pgs. 136, 137).

Following the nonselection, Kinnally suffered an emotional breakdown and has been totally disabled from severe depression and agoraphobia since she was told she would not be selected for the job in July 2002. She could not have performed the DOEM job when it was filled in May 2003 or any other work.

In late August 2002 or early September 2002 Kinnally noticed that the DOEM position had been withdrawn unfilled from the MCMS system for reorganization reasons.

On September 2, 2002, a job as Event Manager was offered to Avernice Jeffers, a Kittian. (Pl. depo. pg. 137; Toti depo. p. 73). Jeffers declined the offer. In February 2003 the St. Kitts

resort had a "soft opening", i.e., it opened with limited services. The DOEM job was filled on May 9, 2003, by Michael Osbourne who was already working at the resort in the food and beverage area as maitre d' and who had been handling some of the matters concerning events in addition to his other duties.

Kinnally's date of birth is October 12, 1950, so she was 51 years of age when she was rejected for the position on July 26, 2002. Osbourne was 29 years old at the time he was offered the DOEM position.

## ADEA LAW

The ADEA provides that "[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623. The age-based protections of the ADEA are "limited to individuals who are at least 40 years of age." Id. at § 631.

To resist summary judgment on an ADEA claim, a plaintiff may rely on direct evidence of discriminatory intent as in Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989), or indirect evidence through the burden shifting proof scheme of McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973).

There is no direct evidence of age discrimination here; therefore, the plaintiff must bear the burden of producing evidence of a McDonnell-Douglas *prima facie* case of age discrimination. In order to do so she must show that she is a

member of a protected class, the she applied for and was qualified for the position, that she was not selected, and that thereafter the position remained open and the employer continued to seek candidates with comparable qualifications for the position. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Under McDonnell-Douglas, once the plaintiff establishes a *prima facie* case, the defendant must respond with evidence that it acted for a legitimate, nondiscriminatory reason. Then the plaintiff must present evidence that the reason asserted by the defendant is not the true reason for the discharge. See also, Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 148, 120 S.Ct. 2097 (2000).

Once a plaintiff has established a *prima facie* case and produced evidence of pretext, the plaintiff need not submit additional independent evidence of discrimination unless "no rational fact finder could conclude that the action was discriminatory." Id. at 148, 120 S.Ct. 2097; see also, EEOC v. Sears Roebuck & Co., 243 F.3d 846, 852 (4th Cir. 2001); Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253 (4th Cir. 2001).

## DISCUSSION

A review of the record and relevant case law reveals that the defendant's motion for summary judgment should be granted and this matter ended.

Here, the plaintiff has no direct evidence of age discrimination and cannot establish the fourth prong of the *prima facie* case, that, after her rejection, the position remained open and the employer continued to seek applicants from persons of her qualifications.

Kinnally does not dispute that the DOEM position was not filled in the summer of 2002, or that the decision maker did not seek to fill the position at that time. It is undisputed that Toti decided to move the senior management team in a different direction, withdrew the position, and stopped considering candidates for the DOEM job until the hotel fully opened almost a year later. In short, there is simply no evidence that the "defendant[s] continued to interview candidates with similar qualifications." Felix v. Boeing Co., 29 F.3d 1157 (9th Cir. 2000) (where plaintiff showed that the defendant continued to interview for the position, *prima facie* case met and it is of no consequence whether the employer ultimately filled the position for which the complainant applied). Further, when the position was available again, Kinnally was totally disabled.

On the record here, it appears that Kinnally has not met her burden of proving a *prima facie* case of age discrimination in that she has not shown that at the time of her nonselection the decision maker continued to seek candidates for the DOEM position with comparable qualifications. No inference of age based animus

has arisen and there is no necessity to submit the matter to a fact finder.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendant's motion be granted and this action be ended.

                        Respectfully Submitted,

                        */s/ Robert S. Carr*
                        Robert S. Carr
                        United States Magistrate Judge

Charleston, South Carolina

November 9, 2005

11